**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RYAN BUI, | No. 13-16502 |
| Petitioner - Appellant, | D.C. No. 3:11-cv-03167-SI |
| v. | |
| ANTHONY HEDGPETH, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, Senior District Judge, Presiding

Submitted December 11, 2014[**]
San Francisco, California

Before: O'SCANNLAIN, FISHER, and HURWITZ, Circuit Judges.

Ryan Bui appeals the district court's denial of his 28 U.S.C. § 2254 petition for

habeas corpus. We have jurisdiction under 28 U.S.C. § 1291, and affirm.

    **1.** The California Court of Appeal reasonably determined that the exclusion

---

    [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

of Bui's family and friend from a brief portion of the voir dire proceedings was a "de minimis" violation of the Sixth Amendment right to a public trial. *See United States v. Rivera*, 682 F.3d 1223, 1229 (9th Cir. 2012) (stating that reversal is not required for "trivial" violations of right to public trial).

2.    The Court of Appeal's factual determinations were not unreasonable in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d)(2). With respect to Bui's particular factual arguments:

a.    The Court of Appeal did not find that the exclusion of Bui's spectators was "inadvertent."

b.    The Court of Appeal was not required to make a factual finding on the "relative importance of voir dire generally." *See Taylor v. Maddox*, 366 F.3d 992, 1001 (9th Cir. 2004) (holding that a failure to make a factual finding supports a grant of habeas corpus when that finding "goes to a material factual issue that is central to petitioner's claim").

c.    The Court of Appeal discussed security concerns in analyzing prior California case law, but it did not make a specific finding on the issue, and Bui does not explain how any such finding would be "highly probative and central to" his claim. *Id.*

d.    Whether three or four spectators were excluded from voir dire

likewise was neither material nor central to Bui's claim. *Id.*

  **e.** The Court of Appeal made no finding that other spectators remained in the courtroom after Bui's family and friend left; its citation to cases involving such a finding was not itself a finding.

  **f.** The Court of Appeal's determination that Bui's family and friend were prevented from being in the courtroom for forty minutes was reasonable in light of the evidence before it.

  **g.** The Court of Appeal did not improperly suggest that Bui's family and friend were not "preexisting spectators," and this factual determination would not be "highly probative and central to" his claim. *Id.*

 **AFFIRMED.**